STATE OF MAINE                                     SUPERIOR COURT
CUMBERLAND, ss.                                    DOCKET NO. AP-16-33

STEVE ANCTIL,                        )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )    ORDER
                                     )
CORRECT CARE SOLUTIONS, LLC,         )
                                     )
        Defendant.                   )

STATE OF MAINE
Cumberland ss. Clerk's Office

MAR 2  2017

RECEIVED

Before the Court is Plaintiff Steve Anctil's appeal of the District Court Order (PORDC-SC-16-136) dismissing Plaintiff's small claims breach of contract action. Both Plaintiff and Defendant filed written briefs. Having reviewed the parties' filings and their respective arguments, and for the reasons stated below, the judgment of the Portland District Court is affirmed.

I.      Background

Plaintiff is an inmate at the Maine State Prison in Warren, Maine. Defendant is the medical provider contracted with the Maine Department of Corrections ("DOC") to provide patient care to the inmate population at Maine State Prison.

On February 11, 2016, Plaintiff filed a breach of contract action in small claims court, alleging that Defendant illegally withdrew funds from his prisoner trust account after Plaintiff received medical care from Defendant. Plaintiff also alleged that Defendant was required to provide Plaintiff with a sick call slip following his medical care pursuant to DOC policy, which Defendant did not provide.

The record shows that on June 22, 2016, $15.00 was deducted pursuant to DOC policy from Plaintiff's prisoner trust account to pay three $5.00 co-pays that he had incurred at three

1

**Plaintiff-Steve Anctil**
**Pro Se**
**Defendant-Brendan O'Rourke, Esq.**

different medical appointments. Plaintiff has not disputed that he received care at these three medical appointments; instead, Plaintiff claims he was exempt from the fees due to a different DOC policy. DOC policy also states that it is the DOC's Director of Administrative or Support Services, not Defendant, who ensures that appropriate fees are collected from each prisoner for medical services rendered and who controls the timing and withdrawals from the prisoner's trust account.

In its order dated May 16, 2016, the District Court (*Powers, J.*) found that the DOC is the entity that deals with charging for medical services at the prison, not Defendant. Therefore, Defendant could not have illegally withdrawn funds as Plaintiff asserted. Judge Powers further found that if Defendant failed to provide Plaintiff with the copy of the sick call slip, that alone would not support a breach of contract or other claim of damages.

Plaintiff alleges several errors of law on appeal. First, Plaintiff argues that the District Court erred in finding that the DOC is the proper defendant because Defendant directs the DOC to make withdrawals. Second, Plaintiff argues that the District Court erred in finding that Defendant's failure to provide the sick call slip did not constitute a breach of contract.

II.     Discussion

An aggrieved party may appeal from a judgment of the District Court in a small claims action to the Superior Court within 30 days of the entry of the judgment appealed from. M.R. Small Claims P. 11(a). When the plaintiff in a small claims case appeals to the Superior Court, the appeal is on questions of law only, based on the record on appeal. *Id.* 11(d)(1). The record on this appeal includes the papers and exhibits filed in the District Court and a copy of the docket entries prepared by the clerk. M.R. Civ. P. 76F(a).

The District Court did not err in determining that Plaintiff did not state a plausible claim for breach of contract as a matter of law. A breach of contract requires: (1) a breach of a material contract term, (2) causation, and (3) damages. *Me. Energy Recovery Co. v. United Steel Structures, Inc.*, 1999 ME 31, ¶ 7, 724 A.2d 1248.

First, Plaintiff's breach of contract claim regarding the "illegal" withdrawals is improper because Defendant had no control over the withdrawals. If Defendant had no control over the withdrawals, its actions or inactions did not form any sort of breach of the implied contract it had with Plaintiff to perform medical services. The District Court did not err in finding that there was no breach of contract by Defendant because Defendant never made withdrawals from Plaintiff's prisoner trust account.

Second, Defendant's failure to provide a sick call slip to Plaintiff following his receipt of medical care does not constitute a breach of contract. Even if the failure to provide the sick call slip was a type of breach of contract, it was hardly material. Any contract between Plaintiff and Defendant was for Defendant to provide medical services to Plaintiff for a co-pay of $5.00. Plaintiff has not asserted that Defendant withheld medical services, so the contract was essentially performed in full. Additionally, whether a contract term is "material" or whether the contract has been breached are questions of fact, which are not reviewable on appeal to the Superior Court. *See* M.R. Small Claims P. 11(a). The District Court did not err in finding that a failure to provide a receipt of services does not make a plausible claim for a breach of contract.

Because Plaintiff has not established any error of law in the small claims court's ruling, his appeal is denied.

3

The entry is:

1. Plaintiff Steve Anctil's appeal is DENIED. The judgment of the Portland District Court Docket No. PORDC-SC-16-136 dated May 16, 2016, is hereby affirmed.

2. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Date: March 20, 2017

Lance E. Walker
Justice, Maine Superior Court

4